CRIMINAL 06-0116CCC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

1) JOSE PEREZ-QUIRZOLA
2) ENRIQUE ARISMENDI-VELEZ
3) JEFFREY DUCOT-SOTO
4) DANIEL LEBRON-TORRES
5) MANUEL VELEZ-AVILES
6) ERNIE VARGAS-ROSA

Defendants

CRIMINAL 06-0116CCC

**O R D E R**

Defendant Enrique Arismendi-Vélez filed a Motion to Suppress on May 2, 2006 (**docket entry 46**) claiming that the warrantless search of his house violated the Fourth Amendment. In a response filed on June 16, 2006 (**docket entry 54**), the United States averred that the warrantless search was justified due to the presence of exigent circumstances. On May 19, 2006, the matter was referred to the U.S. Magistrate-Judge for an evidentiary hearing (docket entry 49), which took place on June 28 and July 5, 2006 and where the testimony of Immigration and Customs Enforcement Special Agent Luis Fombellida was presented. On July 7, 2006, then Magistrate-Judge Gelpí issued a Report and Recommendation (**docket entry 61**) where he gave full credence to the testimony of S.A. Fombellida and based on the facts elicited from him concluded that exigent circumstances authorized the warrantless search of defendant's house.

Judge Gelpí's recommendation that the motion to suppress be denied was objected by defendant Arismendi-Vélez in a motion filed on July 21, 2006 (**docket entry 68**). Aside from belaboring to distinguish the facts of this case from the facts of one of the cases cited by Judge Gelpí in his exposition of the law applicable to searches based on exigent circumstances, United States v. Boulanger, 444 F.3d 76, 85 (1st Cir. 2006), defendant attacks portions of the testimony of agent Fombellida suggesting that he was not credible for allegedly not being consistent with various photographs submitted in evidence, and insists that the law enforcement

CRIMINAL 06-0116CCC

officers had plenty of time to obtain a warrant before they entered into his residence. The United States, in its response to the objections filed on September 8, 2006 (**docket entry 83**), avers that the factual findings of Judge Gelpí were consistent with both the testimonial and documentary evidence presented during the hearing, and that he correctly found that the warrantless search of defendant's house was justified by exigent circumstances present at the time.

We have reviewed the transcripts of agent Fombellida's testimony during the suppression hearing (docket entries 84 & 85), as well as the video and photos admitted into evidence. Having done so, we fail to see any inconsistencies between the testimony of agent Fombellida and the photos\video. Quite to the contrary, and as correctly described by the United States in its motion, the thirty-six (36) factual findings that Judge Gelpí listed in his Report are solidly supported by the evidence on record. Accordingly, they are ADOPTED in their entirety.

In light of those factual findings, it is evident that the warrantless search of defendant's house was supported by exigent circumstances. Law enforcement agents were tipped by a confidential informant at 9:00 A.M. that illegal aliens were hiding at defendant's house, but that information was not corroborated until 4:00-4:30 P.M. when a traffic stop of three individuals who had left the house eventually led to statements by one of them which confirmed that information. Although at that time Fombellida certainly obtained probable cause to apply for a warrant to search defendant's house, the cooperating individual also informed him at that time that a man would be picking up the illegal aliens at around 5:30-6:30 P.M., which reasonably led Fombellida to conclude that there would not be enough time to obtain the warrant before then thus opting to wait for the aliens to be picked-up to arrest them all while boarding their transport. While the confidential informant kept announcing that the transporter was on its way to defendant's house, by 9:00 P.M. he had not arrived so Fombellida was instructed by his supervisor to conduct a "knock and talk" procedure[1] to ask for defendant's consent to search

---

[1] Courts have defined "knock and talk" as a noncustodial procedure in which the officer identifies himself and asks to talk to the home occupant and then eventually requests permission to search the residence. See United States v. Jones, 239 F.3d 716, 720 (5th Cir.2001). Courts generally have upheld

CRIMINAL 06-0116CCC

his house.  It was while in the process of conducting the "knock and talk" that the exigent circumstances which motivated the warrantless search developed: the illegal aliens spotted the agents approaching the house and pandemonium ensued, leading the agents to fear for their safety as well as raising concerns that the aliens would attempt to flee.  See Hegarty v. Somerset County, 53 F.3d 1367, 1374 (1st Cir.1995) (examples of exigent circumstances include, among others, a risk that the suspect may escape from the residence undetected or a threat, posed by a suspect, to the lives or safety of the public, the police officers, or to himself).

While defendant makes much ado about the time elapsed since agent Fombellida was tipped by the confidential informant at 9:00 A.M. that illegal aliens were hiding at defendant's house until he proceeded to conduct the "knock and talk" procedure at 9:00 P.M., claiming that it provided him with the opportunity to obtain a warrant, he conveniently forgets that the surveillance by the agents never confirmed that the aliens were still at the house and that it was not until 4:00-4:30 P.M. that said fact was corroborated by one of the individuals who had been at the house and seen the aliens.  Thus, agent Fombellida reasonably believed that probable cause to seek a warrant was not obtained by him until way into the afternoon,[2] when he did not have enough time to apply for it given the then impending arrival of the aliens' transport which would had removed them from the house.

In sum, we agree with Judge Gelpí's conclusion that "[t]he totality of the . . . circumstances constitutionally support without a doubt the agents' warrantless entry into the

---

this investigative procedure as a legitimate effort to obtain a suspect's consent to search.  United States v. Chambers, 395 F.3d 563, 568 n. 2 (6th Cir.2005).

[2] "Uncorroborated tips are often insufficient to provide a reasonable basis to enter a person's home, and the police are often justified in waiting for corroboration before making an application to a magistrate for a warrant."  United States v. Samboy, 433 F3d 154, 160 (1st Cir. 2005).

CRIMINAL 06-0116CCC

defendant's house." Report and Recommendation (docket entry 61), at p. 8. Accordingly, his Report and Recommendation is APPROVED and ADOPTED, and defendant Enrique Arismendi-Vélez' Motion to Suppress (**docket entry 46**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on October 5 , 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge